### WENTWORTH versus KEIZER & al.

In a suit upon a judgment, recovered before a justice of the peace, the plaintiff is bound to establish the existence of the record.

For that purpose it is not sufficient to introduce a book, alleged to contain the record, without some proof of its authenticity.

ON REPORT from *Nisi Prius*, TENNEY, J.

DEBT on a judgment, alleged to have been recovered before a justice of the peace. Plea, *nul tiel record.*

The plaintiff introduced a book, containing what he stated to be the justice's record. The book was objected to, and was not supported by any other evidence than itself.

The justice removed from the State, more than two years prior to the commencement of this suit, without having lodged with the clerk the records and papers pertaining to his office. The case was submitted.

*A. Sanborn,* for the plaintiff.

*Dinsmore,* for the defendants.

WELLS, J. — It was incumbent on the plaintiff to establish the existence of the record, upon which he relied for the maintenance of the action. He introduced no proof whatever of the authenticity of the book, containing the alleged record. He did not show, that it had been in the possession of the

justice, and used by him as a book of records, or that it came from his hands. There should have been some satisfactory evidence of its genuineness, other than the book itself. *Sumner* v. *Sebec*, 3 Greenl. 222; *Baldwin* v. *Prouty*, 13 Johns. 430; *Turnpike Co.* v. *McKean*, 10 Johns. 155; *Whitman* v. *Granite Church*, 24 Maine, 236. Objection was made to the introduction of the book, and the plaintiff should have furnished the requisite evidence.        *Plaintiff nonsuit.*